Deppen Will

*William A. Yocum*, for petitioner.

*James L. Atkins*, for respondents.

OPINION BY GATES, P.J., MARCH 26, 1979:

Bessie V. Deppen died December 18, 1975. At the time of her death she was a resident at the Cornwall Manor Home of the United Methodist Church. Thus, she was a resident of Lebanon County. Bessie V. Deppen was survived by a son and only heir, who is the petitioner herein.

On December 29, 1975, Bessie V. Deppen's last will and testament, dated September 19, 1975, was admitted to probate by the Register of Wills of Lebanon county and letters testamentary were granted to Price M. Collins the executor designated in the will.

This appeal is from the granting of letters testamentary and the acceptance of Mrs. Deppen's will for probate.

It was filed by her son Robert on December 21, 1977.

Preliminary objections to the petition for appeal have been filed raising numerous factual and legal issues. However, there is a frontier issue which we resolve in favor of the respondents and, thus, a resolution of the other matters is rendered unnecessary.

The respondents request us to dismiss the appeal under Section 908(a) of the Probate, Estates and Fiduciaries Code of 1972, as last amended by Act No. 135 of the 1976 legislative session. The latter Act provides, in pertinent part, as follows:

"(a) When allowed — Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to three months."

The amended Act of December 10, 1974, No. 293, Section 3, in effect at the time of Mrs. Deppen's death and at the time the will was offered for probate and letters testamentary allowed an appeal to be taken "within two years."

Thus, if the Act of 1974 is applicable to this appeal, it must be considered as having been timely filed. On the

other hand, if the Act of 1976 is applicable, the appeal is barred by the statute of limitations.

Both counsel in their briefs come to grips with the legal conception of retrospective law and its application to this case. We do not believe we must resort to the body of law dealing with the subject of retroactivity since it has mere diverting relevance to the case.

When construing a statute, we need not resort to interpretive law or the Statutory Construction Act when the words of the law are plain and free from ambiguity. When this appeal was filed, the applicable law in this Commonwealth restricted appeals from the probate of wills and granting of letters testamentary to those filed within one year of the decree. This statute relates purely to remedies and modes of procedure and it did not create any new rights nor did it take away any vested rights. The statutes merely restricted and cut down the period of time within which an aggrieved party could pursue his legal remedy from two years to one year, unless a court further limits the time within which the appeal can be taken.

We do not need to resort to a legislative history book to discern the intention of the legislators in further amending Section 908(a) of the Probate Code. Delay has been long the scourge of the law and, by adopting the 1976 amendment, the legislature merely quickened the pace within which estate disputes must be resolved.

Thus, we conclude that it is manifestly evident that this is not even a close case where perhaps justice and fairness would dictate that a reasonable period of time beyond the new appeal cutoff date might be considered appropriate. The present appeal was filed seventeen months after the effective date of the one year appeal statute and is nearly barred, by only eight days, from the expiration date of the two year, repealed statue. Thus, neither the facts nor the law justify the petitioner's position in this case.